IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FERNANDO GOMEZ-ALVAREZ,** | : CIVIL ACTION |
| **Plaintiff** | : |
| | : No. |
| v. | : |
| | : |
| **CHRISTMAS CITY HOTEL, LLC d/b/a HOTEL BETHLEHEM,** | : |
| **Defendant.** | : JURY TRIAL DEMANDED |

## COMPLAINT

### I. PRELIMINARY STATEMENT

This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Fernando Gomez-Alvarez (hereinafter "Plaintiff"). Plaintiff was an employee of Defendant Christmas City Hotel, LLC, d/b/a Hotel Bethlehem (hereinafter "Defendant"), who has been harmed by medical leave discrimination as well as other improper conduct by Defendant and its agents, servants, and representatives.

This action is brought under the Family and Medical Leave Act (FMLA).

### II. JURISDICTION AND VENUE

1. The original jurisdiction and venue of this Court is invoked in this District pursuant to 28 U.S.C. §1331, 1391, 2201, 2202, 1343 and the claim is substantively based on the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601, *et seq.*.

2. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) as some or all of the events complained of herein occurred in Bethlehem,

Northampton County, Pennsylvania.

### III. PARTIES

3. Plaintiff, Fernando Gomez-Alvarez, is an adult male citizen, and a citizen and resident of the Commonwealth of Pennsylvania.

4. Defendant, Christmas City Hotel, LLC d/b/a Hotel Bethlehem, is a company organized and/or doing business under the laws of the Commonwealth of Pennsylvania in Bethlehem, Northampton County, Pennsylvania.

5. At all times relevant hereto, Defendant acted by and/or failed to act by and through the conduct of its officers, managers, agents, and employees, all acting within the scope and course of their employment.

### IV. SUMMARY OF FACTS

6. Plaintiff was employed by Defendant as a waiter.

7. Plaintiff suffers from severe depression and anxiety, qualifying as a serious health condition under the FMLA. At all relevant times Defendant was aware of these condition. At all times Defendant was an employer required to comply with the FMLA.

8. Plaintiff was approved for intermittent FMLA leave due to his qualifying condition.

9. An employee who has given some reasonable notice of his medical condition does not need to have formally filed for FMLA or use any special words in order to invoke FMLA rights and protections. The burden, after said actual or implied notice, is upon the employer to act in conformity with the law.

10. Plaintiff was hospitalized for his condition including during approved FMLA leave, all of which was known to Defendant.

2

11. Despite being on approved FMLA leave, Plaintiff was terminated for alleged absenteeism and tardiness and alleged failure to provide 12 hours advance notice of his required leave or shift adjustment.

12. Defendant's termination of Plaintiff was in direct retaliation for his use of FMLA leave and constituted interference with Plaintiff's rights under the FMLA.

13. On the alleged "tardiness" reason for Plaintiff's termination, the FMLA covers late arrivals and early departures and shift adjustments.

14. Under the FMLA, if <u>any part of</u> the employer's decision to terminate is motivated by covered absences or alleged tardiness (<u>as admitted in this case</u>), the employer has violated the FMLA.

## V. **FACTS**

15. Plaintiff was employed on April 2022 as a server at Defendant's restaurants.

16. On or about May and June of 2022 Plaintiff was diagnosed with severe depression and anxiety and with panic disorder.

17. All of the above medical conditions are "serious medical conditions" covered by the FMLA.

18. Plaintiff was placed on medication and began ongoing medical treatment after his diagnosis.

19. On numerous times, beginning on January 2023, Plaintiff increasingly struggled with his conditions (often visibly in the workplace). Plaintiff told his supervisors of his conditions and put them on specific notice.

20. Such verbal notice was sufficient to invoke the protections of the FMLA

3

requiring the employer to comply with its obligations thereunder including without limitation under 29 CFR §825.303 (b) and 20 CFR §825.301 (a).  Even "minimal notice" is sufficient.

21.     On August 25, 2023, Plaintiff suffered a serious incident and breakdown in the workplace, due to the above conditions requiring his transporting by ambulance and hospitalization. This incident was witnessed and known by multiple Defendant supervisors.

22.     Plaintiff was hospitalized as a result of this incident and formally applied for FMLA with Defendant's HR.  He provided an FMLA medical report from his doctor to Defendant on August 25, 2023.

23.     Plaintiff was hospitalized and on FMLA leave for 18 days from his August 25, 2023 work severe acute incident until his return to work on September 12, 2023.

24.     During this time and upon his return, Plaintiff was under qualified FMLA intermittent leave.

25.     Plaintiff had a number of incidents due to his medical conditions in the workplace visible to the supervisors of Defendant between September 2023 and January 2024.  At each such time he advised them of the medical conditions he was struggling with.

26.     On August 23, 2023, Defendant disciplined Plaintiff for "absenteeism and tardiness."

27.     On October 8, 2023, Defendant disciplined Plaintiff for "absenteeism and tardiness."

28.     On February 21, 2024, Defendant disciplined Plaintiff for alleged

"unsatisfactory performance" which included absenteeism and tardiness.

29.	On February 28, 2024, Defendant terminated Plaintiff's employment citing "attendance" as one of the reasons.

## VI.  CAUSES OF ACTION

### COUNT  I
### PLAINTIFF v. DEFENDANT
### FMLA INTERFERENCE

30.	Paragraphs 1 through 29 inclusive, are incorporated by reference as if fully set forth at length herein.

31.	Defendant interfered with Plaintiff's rights under the FMLA by terminating him while he was on approved FMLA intermittent leave.

32.	Defendant's actions violated 29 U.S.C. §2615(a)(1).

### COUNT  II
### PLAINTIFF v. DEFENDANT
### FMLA RETALIATION

33.	Paragraphs 1 through 32 inclusive, are incorporated by reference as if fully set forth at length herein.

34.	Defendant retaliated against Plaintiff for exercising his rights under the FMLA by terminating him.

35.	Defendant's actions violated 29 U.S.C. §2615(a)(2).

## V.  PRAYER FOR RELIEF

36.	Paragraphs 1 through 35 inclusive, are incorporated by reference as if fully set forth at length herein.

WHEREFORE, Plaintiff respectfully requests the Court to:

a. Exercise jurisdiction over his claims;

b. Declare that Defendant violated Plaintiff's rights under the FMLA;

c. Award Plaintiff back pay, front pay and lost benefits;

d. Award liquidated damages provided under the FMLA;

e. Award reasonable attorney's fees and costs;

f. Grant such other relief as the Court deems just and proper.

## VI. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

HAHALIS & KOUNOUPIS, P.C.


By:/s/ *George S. Kounoupis*
GEORGE S. KOUNOUPIS, ESQUIRE
20 East Broad Street
Bethlehem, PA 18018
(610) 865-2609
Attorneys for Plaintiff

Date: February 4, 2026